**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

-------

**No. 05-4307**

-------

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARSHALL DAILEY,

Defendant - Appellant.

-------

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   David A. Faber, Chief
District Judge.  (CR-03-172)

-------

Submitted:  June 21, 2006          Decided:  July 10, 2006

-------

Before WILKINS, Chief Judge, and MICHAEL and KING, Circuit Judges.

-------

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

-------

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Edward H. Weis, Assistant Federal Public
Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West
Virginia, for Appellant.  Kasey Warner, United States Attorney,
Steven I. Loew, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

-------

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Marshall Dailey ("defendant Dailey" or "Dailey") challenges the sentence of imprisonment and the restitution order imposed on him in the Southern District of West Virginia on his convictions for two controlled substance offenses and a firearms offense. He does not challenge his three convictions, which resulted from a jury trial. As explained below, we affirm defendant Dailey's sentence of seventy-eight months imprisonment, but we vacate the restitution order and remand.

I.

On May 1, 2002, while working for the Trilateral Drug Enforcement Network Team Drug and Violent Crime Task Force ("TRIDENT"), Detectives John Dunn, Dustin Joynes, and Marvin Robinson used David Hess, a confidential informant, in an attempt to make a controlled purchase of prescription painkillers from defendant Dailey. The detectives equipped Hess with an audio recording and transmitting device (the "recording device"), and dropped him off near Dailey's home in Raleigh County, West Virginia.

While at defendant Dailey's home, Hess discussed the cost of buying Percocet and Lorcet tablets with Dailey and his brother, Orlando Dailey ("Orlando"). During that conversation, Orlando asked Hess "if [he] was wired," and then tore Hess' shirt off of

2

him.  Consequently, Orlando discovered the recording device and ripped the microphone off Hess.  When Detective Dunn, who was listening in, recognized that the device had been discovered, he called for backup support from Detectives Joynes and Robinson, and rushed to the scene of the incident.  When he arrived, he found Hess, beaten and lying on the sidewalk.  Defendant Dailey was present and was holding the top portion of the recording device.  When Detectives Joynes and Robinson arrived, they called for additional support from the local police, who arrested both Dailey and Orlando.

The police officers and detectives then obtained search warrants for the house and two safes inside the house.  In carrying out the searches, the officers seized both safes, which contained numerous firearms, ammunition, and an assortment of controlled substances.  During the searches, the detectives attempted to recover the broken recording device, but could not find all of its components.  The device was damaged in the sum of $1300.

On July 29, 2003, a federal grand jury in Beckley, West Virginia, returned a three-count indictment against defendant Dailey, charging him with:  distribution of hydrocodone, in contravention of 21 U.S.C. § 841(a)(1) (Count One); distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm in furtherance of a drug trafficking offense, in contravention of 18 U.S.C. § 924(c)(1)(A)(I) (Count

Three).  On April 30, 2004, after a one-day trial in Beckley, a jury convicted Dailey of all three offenses.

Dailey's presentence report (the "PSR") was submitted to the district court on July 16, 2004.  The PSR recommended a base offense level of 12 on Counts One and Two, and a two-level enhancement for obstruction of justice, for a total offense level of 14.  The PSR further calculated Dailey's criminal history category as II, yielding an advisory Guidelines sentencing range for Counts One and Two of eighteen to twenty-four months.  Pursuant to the statute of conviction for Count Three (18 U.S.C. § 924(c)(1)(A)(I)), the PSR advised that the court was obliged to impose a sentence of at least sixty months on Count Three, to run consecutively to the sentence imposed on Counts One and Two.[1]

Defendant Dailey's sentencing hearing was conducted in the district court on February 24, 2005.  At that hearing, the court calculated Dailey's Guidelines sentencing range on Counts One and Two as eighteen to twenty-four months.  The court then asked counsel for their positions on whether an order of restitution with respect to the damaged recording device would be appropriate.

---

[1]Dailey objected to the PSR's recommendations, contending that due process, informed by constitutional ex post facto principles, precluded the sentencing court from imposing a sentence greater than it could have imposed under the mandatory Guidelines scheme in effect at the time of his offenses.  Additionally, Dailey asserted that his final offense level should be 12, and that the facts supporting any enhancement applied against him had to be proven beyond a reasonable doubt.  However, the court overruled Dailey's objections to the PSR at his sentencing hearing.

Defendant Dailey responded that restitution was not appropriate because the damage to the recording device was not directly caused by the conduct constituting his offenses of conviction. He asserted that "the offenses of conviction are possessing a gun and distributing drugs. They have nothing to do with destruction of Government property." J.A. 273.[2] The Government, on the other hand, contended that, although it did not "know any case law that goes one way or the other," the court was authorized to order restitution under the drug and firearms offenses, because "[i]t's clearly related to these counts. It was during the drug offense that [defendant Dailey] . . . ripped off the wire and damaged the property." J.A. 274. Consequently, the Government maintained, a restitution order for the damaged recording device, in the sum of $1300, would be appropriate. The court thereafter concluded that the damage to the recording device was sufficiently related to the offenses of conviction to allow for an order of restitution.

The court then sentenced defendant Dailey to concurrent terms of eighteen months each on Counts One and Two, and a consecutive term of sixty months on Count Three, for a total of seventy-eight months in custody. The court further ordered Dailey to pay $1300 in restitution to TRIDENT. Dailey has timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

---

[2]Our citations to "J.A.___" refer to the contents of the Joint Appendix filed by the parties in this appeal.

5

II.

We review a district court's order of restitution for abuse of discretion. United States v. Vinyard, 266 F.3d 320, 325 (4th Cir. 2001). By definition, however, a court abuses its discretion when it makes an error of law. EEOC v. Navy Federal Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). We review questions of law, such as statutory interpretation issues, de novo. United States v. Turner, 389 F.3d 111, 119 (4th Cir. 2004). And we review for reasonableness a sentence imposed under the advisory Sentencing Guidelines regime. United States v. Booker, 543 U.S. 220, 261 (2005).

III.

A.

In his first contention on appeal, Dailey maintains that the district court erred in ordering him to pay $1300 in restitution to TRIDENT for the damage caused to the recording device. We are constrained to agree. The federal sentencing courts possess no inherent authority to order restitution, and they may do so only when explicitly authorized by statute. See United States v. Donaby, 349 F.3d 1046, 1052 (7th Cir. 2003). The Victim and Witness Protection Act of 1982 (the "VWPA") provides, in relevant part, that a court, in sentencing a defendant convicted of an offense under 21 U.S.C. § 841 (the statute of conviction on Counts

6

One and Two), may order the defendant to make restitution to any victim of the offense. See 18 U.S.C. § 3363. Additionally, the Mandatory Victims Restitution Act (the "MVRA") provides, as pertinent, that a sentencing court shall award restitution to victims of certain categories of offenses, including "a crime of violence, as defined in [18 U.S.C. §] 16." 18 U.S.C. § 3663A. We have recognized that the use or possession of a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c) (the statute of conviction on Count Three), is a crime of violence as defined in 18 U.S.C. § 16(b), thereby making restitution mandatory to a victim under the MVRA. See United States v. Myers, 280 F.3d 407, 416-17 (4th Cir. 2002). The district court therefore possessed discretion, under the VWPA, to order restitution to the victims of Dailey's Counts One and Two offenses, and it was required, under the MVRA, to award restitution to the victims of the Count Three offense.

TRIDENT, the Drug and Violent Crimes Task Force, was not, however, a "victim" of any of defendant Dailey's offenses in this case. Under both the VWPA and the MVRA, a "victim" is defined as

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

7

§ 3663(a)(2), § 3663A(a)(2).  In our decision in United States v. Blake, we recognized that, in order to qualify as a victim under the VWPA, one must be directly and proximately harmed by either: (1) the conduct underlying an element of the offense of conviction; or (2) an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity, which is an element of the offense of conviction.  See 81 F.3d 498, 506 (4th Cir. 1996); accord United States v. Davenport, 445 F.3d 366, 373-74 (4th Cir. 2006) (construing "victim" under the MVRA).  A person who has been harmed by conduct not falling within one of these scenarios is not entitled to an award of restitution by a sentencing court.  Blake, 81 F.3d at 506.[3]  Since none of Dailey's offenses of conviction have as an element a scheme, conspiracy, or criminal pattern, the only inquiry left to us is whether the damage suffered by the recording device was "conduct underlying an element of the offense of conviction."  See Davenport, 445 F.3d at 373-74; Blake, 81 F.3d at 506.

The Government contends that TRIDENT is a victim of Dailey's offenses because his destruction of the recording device was "part of the ongoing commission of" his drug and firearm offenses of conviction and was "inextricable" from those offenses.  Appellee's

---

[3]The VWPA and MVRA also authorize a sentencing court to award restitution if the parties have so agreed in a plea agreement.  See 18 U.S.C. § 3663(a)(3); 18 U.S.C. § 3663A (a)(3).  These statutory provisions are irrelevant here as defendant Dailey was convicted after a jury trial, rather than pursuant to a guilty plea.

8

Br. at 8-9.  Unfortunately for the Government and this contention, however, we have heretofore rejected the proposition that restitution may be ordered for conduct "inextricably intertwined" with the offense of conviction, merely because of a factual connection between the two.  See United States v. Broughton-Jones, 71 F.3d 1143, 1149 (4th Cir. 1995).  We cannot, therefore, extend Dailey's drug and firearms offenses to include his destruction of the recording device, simply because of a temporal proximity between the events.

Moreover, Blake proscribes us from concluding that Dailey's damage to the recording device, insofar as it evidenced his consciousness of guilt, constitutes conduct underlying any knowledge or intent element of his drug and firearms offenses.  In Blake, the defendant, who had pleaded guilty to the use of unauthorized credit cards, was ordered to make restitution to the card owners as part of his sentence.  See 81 F.3d at 502.  Blake's offense of conviction had four elements, including the intent to defraud.  See id. at 506.  We there determined that, although his stealing of credit cards was evidence of Blake's intent to defraud, the specific conduct underlying the intent element did not include theft of the credit cards.  See id.  The restitution order against Blake was therefore deemed inappropriate.  See id. at 507; accord Davenport, 445 F.3d at 373-74 (concluding that conduct underlying elements of fraudulent use of credit card offense did not include

theft of card, and restitution was therefore inappropriate). By analogy, we are foreclosed from concluding that the damage to the recording device in Dailey's case (although evidence of consciousness of guilt), is conduct underlying a knowledge or intent element of an offense of conviction. TRIDENT was therefore not, under these facts, a "victim" of any of Dailey's offenses of conviction, and the sentencing court erred in ordering Dailey to make restitution to TRIDENT.

B.

Defendant Dailey further contends that his sentence was unreasonable under the standards set forth in United States v. Booker, 543 U.S. 220 (2005). We are obliged to disagree. First, the district court, in imposing sentence, properly followed the procedures we established in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), by calculating Dailey's sentencing range under the Guidelines and then considering the factors provided in 18 U.S.C. § 3553(a). Second, the sentence imposed fell within the advisory Guidelines range and is thus "entitled to a rebuttable presumption of reasonableness." United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006). In attempting to rebut this presumption, Dailey asserts only that his sentence is unreasonable because of his need for medical care. Although his medical needs may have justified a variant sentence, see § 3553(a)(1) (providing

that sentencing courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant") and § 3553(a)(2)(D) (providing that sentencing courts must consider "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care"), the district court properly weighed each of these factors. As a result, it sentenced at the bottom of the Guidelines range and recommended that Dailey be assigned to a facility which would be able to treat his medical condition. In these circumstances, the fact that the court did not impose a sentence below the advisory Guidelines range, is not, standing alone, sufficient to rebut the presumption of reasonableness.

IV.

Pursuant to the foregoing, we affirm the district court's sentence of imprisonment, but we vacate its restitution order and remand for such other and further proceedings as may be appropriate.[4]

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[4]We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid in the decisional process.

11